**UNITED STATES of America,
Plaintiff,**

v.

**Lashaun J. CASEY, Defendant.**

**Crim. No. 05–277 (ADC).**

United States District Court,
D. Puerto Rico.

March 12, 2013.

Scott H. Anderson, Isabel Munoz–Acosta, Mariana E. Bauza, United States Attorneys Office, San Juan, PR, for Plaintiff.

Hector E. Guzman–Silva, Hector L. Ramos–Vega, Joannie Plaza–Martinez, John Connors, Federal Public Defender's Office, Hato Rey, PR, Christopher W. Adams, Charleston, SC, for Defendant.

## OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

■ During trial on the afternoon of March 7, 2013, Lashaun Casey ("defendant") made an oral motion requesting that the Court limit the testimony of the government's firearm expert, Edward Pérez–Benítez ("Mr. Pérez") based upon several district court opinions restricting ballistics evidence based upon studies conducted by the National Academy of Science ("the 2008 NAS report" and "the 2009 NAS report").[1] ECF No. 918. Mr. Pérez was expected to testify later that afternoon. See id.

Outside the jury's presence, the Court held a Daubert[2] hearing during which Mr. Pérez discussed his training, methodology and conclusion that the firearm recovered from defendant's home was the weapon that fired the projectile recovered in the Isleta Marina Parking Lot in Fajardo. Id. This weapon was the one seized from Lashaun Casey at his residence.

On March 8, 2013, the government filed a written opposition to defendant's oral motion, contending that Mr. Pérez' testimony as a ballistics and firearm expert was admissible under Daubert and applicable case law. ECF No. 921. Therein, the government notes the untimely nature of defendant's oral motion and contests defendant's reliance on the NAS report. Id. Attached to the government's opposition is the sworn affidavit of Dr. John E. Rolph ("Dr. Rolph"), Chairman of the Report on Ballistic Imaging, which provides background information on the 2008 NAS report. ECF No. 921–1.

Federal Rule of Evidence 702 ("Rule 702") sets forth the guidelines for admissibility of expert testimony. Fed.R.Evid. 702. Rule 702 sets forth three requirements for expert testimony to be admissible. Id. First, the testimony must be "based upon sufficient facts or data." Id. Second, it must be "the product of reliable principles and methods." Id. Third, the expert witness must have "applied the principles and methods reliable to the facts of the case." Id.

■ By like token, the Daubert court set forth five non-exclusive factors for trial courts to consider when evaluating the reliability of proposed expert testimony. 509 U.S. at 593–95, 113 S.Ct. 2786; see also United States v. Valdivia, 680 F.3d 33, 57 (1st Cir.2012). First, the court should consider "whether the expert's technique or theory can be or has been tested." Valdivia, 680 F.3d at 57 (citing Daubert, 509 U.S. at 593–95, 113 S.Ct. 2786). Second, the court should ponder "whether the technique or theory has been subject to peer review and publication." Id. Third, the court should determine "what the known or potential rate of error of the technique or theory is when applied." Id. Fourth, the court should consider "whether the expert maintained standards or controls." Id. Fifth, the court should review "whether the technique or theory has been generally accepted in the scientific community." Id.

Here, defendant does not challenge Mr. Pérez' qualifications, methodology or analysis. ECF No. 918 at pp. 14–15.[3] Rather,

---

1. Defendant had previously filed a motion in limine to exclude expert testimony, including that of Mr. Pérez, for insufficient notice. **ECF No. 482.** However, the motion never showed as pending before the Court and defendant repeatedly failed to bring the matter to the Court's attention, in spite of the numerous conferences held prior to trial. The motion is **NOTED** and **DENIED.**

2. Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

3. Mr. Pérez has worked in the field for twenty years and is currently a supervisor of the Weapons Examiners and Tool Marks Section of the Puerto Rico Forensic Science Institute. **ECF No. 918** at pp. 62–63. He has testified

defendant challenges the manner in which Mr. Pérez' shall express his conclusions. *Id.* Specifically, defendant challenges Mr. Pérez' conclusion that he is 100% certain that the firearm seized from defendant's home is the one from which the projectile recovered in the Isleta Marina Parking Lot was fired. *Id.* In support of the challenge, defendant cites three district court cases: *United States v. Glynn,* 578 F.Supp.2d 567 (S.D.N.Y.2008), *United States v. Taylor,* 663 F.Supp.2d 1170 (D.N.M.2009) and *United States v. Willock,* 696 F.Supp.2d 536 (D.Md.2010).[4] In each of these cases, the trial court limited the testimony of ballistic and firearms experts based, in part, upon the concerns regarding the reliability of the AFTE Theory of Identification ("the AFTE Theory") expressed in the 2008 NAS report. *See* 696 F.Supp.2d at 546–47, 663 F.Supp.2d at 1175–76, 578 F.Supp.2d at 570–75.

First, the Court notes that none of the cases cited by defendant are binding precedent for this Court as they are all the opinions of sister district courts throughout the nation. Second, the Court notes that each of the cases cited by defendant are distinguishable from the case at bar.

In *Willock,* the trial court limited testimony regarding the expert's conclusions in part because the expert's conclusions "relied on an examination of a Baltimore City examiner, whose qualifications, proficiency and adherence to proper methods are unknown." 696 F.Supp.2d at 546. Such is not the case here as Mr. Pérez qualifica-

tions are unquestionable and has conducted the tests and examinations underlying his testimony himself. *See* **ECF No. 918** at pp. 62–92.

In *Taylor,* the expert conducted a modified approach to the AFTE Theory, called CMS. 663 F.Supp.2d at 1178. Here, Mr. Pérez has applied the AFTE Theory, conducting a side-by-side comparative microscopic examination of the projectile found at the Isleta Marina Parking Lot and a test round fired by Mr. Pérez. *See* **ECF No. 918** at pp. 62–92.

Finally, in *Glynn,* upon re-trial, the trial court restricted the ballistics expert's testimony after the government failed to produce their rebuttal witness on the matter, a Supervisory Physical Scientist at the Federal Bureau of Investigation. 578 F.Supp.2d at 569 n. 2. Here, the United States has produced the sworn statement of the Chairman of the group that produced the 2008 NAS report. **ECF No. 921–1.** In that statement, Dr. Rolph states that the purpose of the 2008 NAS report was not to pass judgment on the admissibility of ballistics evidence in legal proceedings, but, rather, to assess the feasibility of creating a ballistics data base. *Id.* at ¶¶ 3–5. In fact, the question of legal admissibility "was explicitly ruled out of [his committee's] charge." *Id.* at ¶ 6. In fact, his committee did not actually evaluate the fundamental assumptions of firearms and toolmark identification that underlay many courts' allowance of ballistics

---

in court as an expert approximately 200 times, appearing in both state and federal court. His testimony and reports have been stipulated in court over 1,000 times. *Id.* at pp. 64–66.

4.  Defendant also cited *United States v. Green,* 405 F.Supp.2d 104 (D.Mass.2005) in passing. However, this opinion was published prior to

the 2008 and 2009 NAS reports. Furthermore, in that case, the court reached its conclusions regarding the reliability of the expert testimony based, in part, upon the court's concerns regarding the lack of contemporaneous notes during the examination of the firearm and the expert's reconstruction of the original examination five years from the time when he first tested the firearm.

and firearm expert testimony. *See id.* at ¶ 6.

Dr. Rolph's statements greatly undermine the portions of the 2008 NAS report upon which defendant and the *Glynn, Taylor* and *Willock* courts rely. Moreover, defendant's employment of an expert witness who employed the AFTE Theory further illegitimizes his current, untimely objection [5] Accordingly, the Court declines to follow sister courts who have limited expert testimony based upon the 2008 and 2009 NAS reports and, instead, remains faithful to the long-standing tradition of allowing the unfettered testimony of qualified ballistics experts. *See e.g. United States v. Hicks,* 389 F.3d 514, 526 (5th Cir.2004) (noting that defendant was unable to point the court to a single case in any circuit showing that the methodology was unreliable); *United States v. Santiago,* 199 F.Supp.2d 101, 111 (S.D.N.Y.2002) ("The Court has not found a single case . . . that would suggest that the entire field of ballistics identification is unreliable.") Dr. Pérez is duly qualified as a ballistics and firearms expert under Rule 702 and *Daubert* and may testify accordingly without qualification of his degree of certainty. Defendant's oral motion is thus **DENIED.**

**IT IS SO ORDERED.**

---

**5.** Whether defendant chooses to call this witness at trial is of no relevance or significance importance to the Court's inquiry.